IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| JIANQIANG WANG, *et al*.<br><br>Petitioners,<br><br>vs.<br><br>POLLY KAISER, *et al.*,<br><br>Respondents. | Civil No. 26-00009 MWJS-KJM<br><br>ORDER PRESERVING THE STATUS QUO |

### ORDER PRESERVING THE STATUS QUO

At the status conference held on January 27, 2026, the court ordered the parties to jointly submit a proposed order to preserve the status quo until the court's hearing on the pending Petition for Writ of Habeas Corpus, Dkt. No. 6, and Emergency Motion for Temporary Restraining Order and Motion for Preliminary Injunction, Dkt. No. 1, currently scheduled for February 12, 2026. The parties provided the court with a joint proposed order via email on January 28, 2026, which has been filed as Dkt. No. 18. The mutually agreed upon language of the order is reproduced in full below.

The parties' joint submission notes, however, that the proposed order includes one point on which the parties have been unable to reach agreement. As the parties explain, Wang's counsel would like the final sentence to specify that petitioners may only be arrested or detained for criminal matters and to therefore read as follows: "The

Court emphasizes that this prohibition is limited to preventing arrest and/or detention in connection with the pending Immigration Court removal proceedings and does not constitute a prohibition on any otherwise valid *criminal* arrest and/or detention." Dkt. No. 18, at PageID.59.  The government objects to this language "based on the effective breadth of the proposed language." *Id.*

Because the court ordered the parties to jointly submit a proposed order and advised that it would only adopt what had been jointly proposed, the court declines to adopt the proposed language requested by Wang's counsel and opposed by the government.  If petitioners wish to pursue broader interim relief than what the parties have jointly proposed—and what is therefore included in the court's order below—they may supplement their motion for a temporary restraining order and preliminary injunctions with arguments for why such interim relief would be appropriate.  And they may then present arguments in support of that requested relief at the scheduled hearing.  But at this time, without the benefit of having fully heard the parties on a contested matter, the court cannot adopt the language requested by Wang's counsel.

In all other respects, the court adopts the parties' joint proposed order, and HEREBY ORDERS as follows:

On January 27, 2026, the parties appeared at a status conference to discuss, *inter alia*, the briefing schedule for Petitioners' pending Petition for Writ of Habeas Corpus and Motion for Temporary Restraining Order and Preliminary Injunction. Counsel for

Respondents requested that they be permitted to file their responsive pleadings by February 6, 2026, and stated that the government did not oppose an interim order preserving the status quo until the hearing on said motions. Counsel for Petitioners does not object, provided the status quo is preserved. Therefore, unless and until the court directs otherwise, it is hereby ORDERED that Respondents shall not:

> (1) execute a Form I-200 Warrant for Arrest of Alien and/or take the Petitioners into custody related to their pending removal proceedings in Immigration Court in Honolulu, Hawai'i;
>
> (2) remove Petitioners from the United States; or
>
> (3) transfer Petitioners out of this district. *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 608 (1966) (noting the court's express authority under the All Writs Act to issue temporary injunctions necessary for the protection of its own jurisdiction).

The court FINDS that there is a compelling need to maintain the status quo pending disposition of the Petition and that the factors governing the issuance of such preliminary relief have been satisfied. The court emphasizes that this prohibition is limited to preventing arrest and/or detention in connection with the pending Immigration Court removal proceedings and does not constitute a prohibition on any otherwise valid arrest and/or detention.

//

//

IT IS SO ORDERED.

DATED: January 28, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

---

Civil No. 26-00009 MWJS-KJM; *Jianqiang Wang, et al. v. Polly Kaiser, et al.*; ORDER PRESERVING STATUS QUO